UNITED STATES of America

v.

George A. WINKELMAN; John F. Winkleman, Jr., Appellants.

No. 13–2332.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 3, 2013.

Opinion filed: July 25, 2013.

James T. Clancy, Esq., Office of United States Attorney, Harrisburg, PA, Lucy P. McClain, Esq., United States Department of Justice, Antitrust Division, Philadelphia, PA, for Appellee.

George A. Winkelman, Bradford, PA, pro se.

John F. Winkleman, Jr., Waymart, PA, pro se.

Before: RENDELL, JORDAN and SHWARTZ, Circuit Judges.

OPINION

PER CURIAM.

We recently discussed the background of the 2003 convictions of George Winkel-man and John F. Winkelman, Jr., as well as their numerous collateral challenges to their convictions and sentences, in *United States v. Winkelman*, No. 13–1286, 2013 WL 2669140 (3d Cir. June 14, 2013) (non-precedential per curiam); we need not repeat ourselves here. This appeal arises out the latest joint collateral attack of its kind. The brothers filed a petition for writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. Relying on our opinion in *Massey v. United States*, 581 F.3d 172 (3d Cir.2009) (per curiam), the District Court denied relief because, to the extent audita querela may "fill the gaps" of the federal postconviction regime, this case presented no such gaps. We agree; *Massey* plainly controls, and the appellants are entitled to no relief. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. *See Murray v. Bledsoe*, 650 F.3d 246, 248 (3d Cir.2011) (per curiam); *see also* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Should the brothers persist in filing appeals in this Court that are plainly without legal merit, they run the risk of sanctions.